PAMELA MATHIS, STEPHEN PAWLOWSKI,
SUZANNE DUFF, DAVID BANGO, CANDACE HARRIS,
MARILEE GLENN, DINYELL CARROLL, KATHARINE VIHTELIC,
KYLE HANNER, ARTHUR KNAUPE III, MICHAEL KESSLER,
SHERRY HAMMOND, RHONDA DRAKE, TONEY GONZALES,
BECKY ALEXANDER, WAQAR QURESHI, BARTHOLOMEW KIRK,
GISELLE KORDA, MARK COCROFT, WALTER KENNEDY III, and
AMANDA PURDY, individually and on behalf of all other
similarly situated employees,

                  Plaintiffs,          Case No. 07-10981


vs.                              HONORABLE PAUL V. GADOLA
                              HONORABLE STEVEN D. PEPE

QUICKEN LOANS INC., a Michigan
corporation and DANIEL B. GILBERT,
personally and individually,

                  Defendants.
============================/

## REPORT AND RECOMMENDATION

       Plaintiffs brought this Fair Labor Standards Act ("FLSA") collective action lawsuit

against Defendants on March 7, 2007, under 29 U.S.C. § 216(b)(Dkt. #1).  On April 12, 2007,

Defendants filed their motion to dismiss, or in the alternative, motion for a more definite

statement arguing that Plaintiffs' claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)

for failure to state a claim for which relief can be granted, or in the alternative, Plaintiffs should

be ordered to provide a more definite statement (Dkt. #16).  In the event this case is not

dismissed, Defendants move this Court to stay this action pending the outcome of *Henry v.*

*Quicken Loans Inc.*, No. 04-cv-40346-PVG-SDP, an FLSA collective action currently pending

before this Court. Defendants' motion was referred pursuant to 28 U.S.C. § 636(b)(1)(B) for

report and recommendation (Dkt. #23). For the reasons stated below, it is **RECOMMENDED** that

Defendants' motion be **GRANTED IN PART** and **DENIED IN PART** and discovery into the merits of

the case be **STAYED** pending a decision in *Henry v. Quicken Loans*.

## I.    BACKGROUND FACTS

This is one of three companion cases currently pending in the Eastern District of

Michigan filed by the same Plaintiffs' counsel, Donald H. Nichols, Paul J. Lukas and Rachhana

T. Srey, against Quicken Loans Inc. and Daniel B. Gilbert.[1]  In all three cases the Plaintiffs

allege violations of the FLSA for unpaid overtime compensation. The present case is factually

identical to *Henry*, as both cases involve putative classes of web mortgage brokers/web loan

consultants employed by Quicken Loans Inc.[2]

On November 13, 2006, Magistrate Judge Capel issued an order granting a 60-day period

for potential plaintiffs to opt-in to *Henry* (*Henry*, No. 04-40346, Dkt. #316). Magistrate Judge

Capel made it clear that this was a hard deadline and any consents postmarked after the 60-day

period would not be considered timely, and the individual sending the consent would not be

allowed to participate in *Henry*. Many (if not all) of the proposed Plaintiffs in the present case

---

[1] Plaintiffs' Counsel also filed *Henry v. Quicken Loans*, No. 04-40346 and *Chasteen v. Rock Financial*, No. 07-10558.  Rock Financial is not a legal entity separate from Quicken Loans Inc., rather, it is an assumed name under which Quicken Loans Inc. operates in Michigan.

[2] *Chasteen* is distinguishable from both *Henry* and *Mathis* in that the intended Plaintiffs in that case are branch mortgage brokers, with their primary job responsibility consisting of selling loans within Defendants' various branch locations, rather than web mortgage brokers/web loan consultants.

were given notice of *Henry* and did not file a timely consent allowing them to join.

Here, Plaintiffs indicates in their complaint that they and all similarly situated Plaintiffs worked as a "web loan consultant, web mortgage bankers, and/or loan consultants" in Defendants' Michigan branch offices during the applicable statutory period (Dkt. #1, ¶ 4). Defendant Daniel B. Gilbert is the Chairman of the Board of Quicken Loans, Inc (Dkt. #1, ¶ 3). Plaintiffs allege that they and other similarly situated mortgage brokers routinely worked in excess of forty hours per workweek during the statutory period without being paid overtime compensation for any of those hours in violation of the FLSA, 29 U.S.C. §201 *et seq*, specifically §207(a)(1) (Dkt. #1, ¶ 8-9). As result of said practices, Plaintiffs allege that they and similarly situated employees suffered a loss of wages in violation of the FLSA, and that this violation by Defendants willfully violated the FLSA as they knew or showed reckless disregard for the fact that its' compensation practices were in violation of the FLSA (Dkt. #1, ¶ 10, 12).

## II.  ANALYSIS

### A.  <u>Legal Standards</u>

#### 1.  *Motion to Dismiss*

Fed. R. Civ. P 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). "Rule 12(b)(6) does not countenance ...

dismissals based on a judge's disbelief of a complaint's factual allegations," *Twombly*, 127 S.Ct. at 1965 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

"However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. V. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1994). "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). *See also*, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

*Conley v. Gibson*, 355 U.S. 41, 46 (1957), spoke of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can *prove no set of facts* in support of his claim which would entitle him to relief." (Emphasis supplied.) *Twombly*, notes that under a "literal reading of *Conley's* 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 127 S.Ct. at 1968. *Twombly*, rejects this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley*, *Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts

alleged there is a " 'reasonably founded hope' that a plaintiff would be able to make a case,"

citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) and its quote from *Blue*

*Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975).

###	2.	*Motion for More Definite Statement*

Fed. R. Civ. P. 12(e) states:

(e) Motion for More Definite Statement

If a pleading to which a responsive pleading is permitted is so vague or ambiguous
that a party cannot reasonably be required to frame a responsive pleading, the party
may move for a more definite statement before interposing a responsive pleading.

"Rule 12(e) motions are disfavored by most courts and are rarely granted in view of the

notice pleading standards of Rule 8(a)(2) and the availability of a variety of pretrial discovery

procedures." *Cooper Ins. Agency Ctr., L.L.C. v. Mourer-Foster Inc.*, No. 5:05-CV-56, 2005

U.S. Dist. LEXIS 33560 (W.D. Mich. December 5, 2005). The Supreme Court noted that the

simplified notice pleading standard of Rule 8(a) relies on liberal discovery rules and summary

judgment motions rather than on technical forms of pleading to define disputed facts and issues

and to dispose of unmeritorious claims. *Id.* (citing, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506,

512-13 (2002).

###	3.	*29 U.S.C. 216(b)*

29 U.S.C. 216(b) states in part:

An action to recover the liability prescribed in either of the preceding sentences may
be maintained against any employer (including a public agency) in any Federal or
State court of competent jurisdiction by any one or more employees for and in behalf
of himself or themselves and other employees similarly situated. No employee shall
be a party plaintiff to any such action unless he gives his consent in writing to
become such a party and such consent is filed in the court in which such action is
brought. The court in such action shall, in addition to any judgment awarded to the
plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant,

and costs of the action.

The primary difference between FLSA collective actions and Fed. R. Civ. P. Rule 23 class actions is that Rule 23 class actions are opt-out actions, meaning members of a class are presumed a part of the lawsuit unless they affirmatively opt-out. *See*, *Sims v. Park Davis & Co.*, 334 F.Supp. 774, 780 (E.D. Mich. 1971). FLSA collective actions are opt-in actions, meaning members of the class are presumed not to be part of the lawsuit and therefore not affected by all rulings and judgments unless they affirmatively opt-in to the lawsuit. 29 U.S.C. 216(b).

**B.** **Factual Analysis**

Defendants argue that Plaintiffs' claim should be dismissed because allowing this case to proceed would render an order from *Henry*, setting a deadline for plaintiffs to opt-in to that law suit, meaningless. Because of that order in *Henry*, Defendants contend Plaintiffs do not have a legitimate claim to prosecute. Defendants also argue that the consent forms filed by the individual Plaintiffs in the present case do not adequately demonstrate informed consent to join the case, therefore the case should be dismissed in its entirety. Further, Defendants contend that Plaintiffs' complaint does not contain sufficient allegations to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. In the alternative, Defendants argue that Plaintiffs should be ordered to provide a more definite statement of the alleged facts supporting their FLSA claims, to re-file corrected consents, and to provide Defendants with unredacted copies of all consents filed throughout these proceedings. Finally, if this case is not dismissed in its entirety, Defendants move this Court to stay this action pending the outcome of *Henry*.


**1.** *Motion to Dismiss*

### i. *Henry* Order

Defendants argue that Plaintiffs should be barred from bringing this claim because they had an opportunity to join *Henry* and failed to do so in a timely fashion. Defendants contend that because Plaintiffs were provided notice of *Henry* and did not opt-in within the 60-day time period, they should not be allowed to do an end around Magistrate Judge Capel's order by filing a new suit.

The rules governing Rule 23 class actions do not apply to FLSA collective actions. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096, n. 12 (11th Cir. 1996); *Carlson v. Leprino Foods Co.*, 2006 WL 1851245, at * 4 (W.D. Mich. June 30, 2006); *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 594 (S.D. Ohio 2002). As noted above, putative class members of a FLSA collective are presumed not to be part of the lawsuit unless they affirmatively "opt-in" by filing a consent form with the Court. 29 U.S.C. § 216(b); *Pritchard*, 210 F.R.D. at 594.

The advantage for FLSA putative class members is that they are not affected by adverse rulings if they do not join. The disadvantage, however, is that unlike Rule 23 class actions, the statute of limitations on putative members' claims are not tolled by the filing of the action. A putative class member's statute of limitations is tolled only when a written consent is filed with the court. *See*, 29 U.S.C. § 256; *Grayson*, 79 F.3d at 1106; *Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 691 (W.D. Ky. 2002) ("In a representative action under the FLSA, the statute of limitations continues to run as to each individual plaintiff until he or she files a written consent to become part of the action.").

The FLSA generally provides a two year statute of limitations, but contains a three year

statute of limitations for willful violations.[3] At the summary judgment stage, in analyzing which claims are barred by the statute of limitations, the court will assume that a three year limitations period would apply. In *McLaughlin v. Richland Shoe, Inc.*, 486 U.S. 128 (1988), the Supreme Court held that in order to obtain the benefit of the three-year exception to the general two-year statute of limitations under the FLSA, the employee was required to show that the employer either knew of or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. The Sixth Circuit has not yet decided whether willfulness for statute of limitations purposes is a question of law for the judge or a question of fact for the jury. *See, EEOC v. Detroit Health Dept.*, 920 F.2d 355, 358 n. 3 (6th Cir. 1990) (collecting cases illustrating a split between the circuits). *See also*, *Brinkman v. Department of Corrections*, 21 F.3d 370, 372-73 (10th Cir.), cert. denied, 115 S.Ct. 315 (1994) (examining the interaction between willfulness provisions and the "good faith" defense to a claim for liquidated damages); *Fowler v. Land Management Group, Inc.*, 978 F.2d 158, 162 (4th Cir. 1992). The general rule applied is that a claim under the FLSA accrues at the end of each pay period the payment for which the payment fails to comply with the FLSA. *See, Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th

---

[3] Under 29 U.S.C. § 255:

Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.] . . .

      (a) if the cause of action accrues on or after May 14, 1947-may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

Cir. 1993), *cert. denied*, 114 S.Ct. 902 (1994); *Cook v. United States*, 855 F.2d 848, 850 (1988);

*Compare Ledbetter v. Goodyear Tire & Rubber Co., Inc*., 127 S.Ct. 2162, 2176 (2007).

 While Plaintiffs do not list particular dates in their complaint, they do allege that all

violations occurred during the "applicable statutory period."  Moreover, in the consent forms that

are attached to their complaint, each Plaintiff indicates that "during the past three years" there

were occasions when they worked over 40 hours per week.  As named Plaintiffs, the actual filing

of the complaint stopped their statute of limitations.  29 U.S.C. § 256.  Plaintiffs filed their

complaint on March 7, 2007, and therefore all of Defendants' alleged violations must have

occurred from March 7, 2004, and onward, and must have been willful violations for the three

year statute of limitations period to apply.  The complaint in *Henry* was filed on May 17, 2004,

thereby allowing Plaintiffs in that case to bring claims that date from May 17, 2001.  Plaintiffs in

the present case do not benefit from the increased time frame in *Henry*, and are "forever barred"

from bringing wage claims that accrued more than three years before the filing of their complaint

with attached consent forms.

 As discussed further below, Plaintiffs have presented a sufficient claim against

Defendants that granting Defendants' motion to dismiss would be improper.  Moreover, the

statute of limitations concerning Plaintiffs' claim has not run provided they fall within the two to

three year time period under 29 U.S.C. § 255.  While it is true that allowing Plaintiffs in the

present case to proceed in a nearly identical action as that in *Henry* does not promote judicial

economy, and that it may frustrate the purpose of Magistrate Judge Capel's November 13, 2006,

Order in *Henry*, Defendants cite no legal authority requiring the present case to be dismissed.[4]

To the contrary, Defendants concede "the right of [Plaintiffs] to pursue their FLSA claims on an individual basis (or perhaps even to join a collective action initiated under circumstances distinct from those here)" (Dkt. #16, p. 5). Having acknowledged that each Plaintiff may bring individual actions and because Defendants have failed to adequately support their contention that Plaintiffs should be barred from bringing the present collective action, Defendants argument that Plaintiffs' claim should be dismissed based on the presence of Judge Capel's order in *Henry* is without merit, and should be denied.

The penalty the present Plaintiffs incurred by not meeting Magistrate Judge Capel's "hard deadline" was the increased risk that they may not be able to file an action on various alleged overtime violations before the statute of limitations concerning their claims expired. Unlike Rule 23 class actions, the statute of limitations on putative members' claims are not tolled by the filing of the action. A putative class member's statute of limitations is tolled only when he files a written consent with the court. *See*, 29 U.S.C. § 256; *Grayson*, 79 F.3d at 1106; *Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 691 (W.D. Ky. 2002) ("In a representative action under the FLSA, the statute of limitations continues to run as to each individual plaintiff until he or she files a written consent to become part of the action."). Provided Plaintiffs claims do not involve wages paid before March 7, 2004, this action should be permitted to proceed.

---

[4] Defendants cite *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), several times throughout their brief in support of their notion that Plaintiffs' claim should be dismissed. While, *Sperling* holds that one of the purposes of an FLSA collective action is to have one proceeding for common issues of law, *Sperling* does not hold that parties who do not opt-in to a lawsuit are barred from bringing a separate collective action.

### ii.    Pleadings

Defendants also argue that Plaintiffs' complaint does not satisfy the notice pleading standards set out by Fed. R. Civ. P. 8(a).  Specifically, they argue that Plaintiffs do not provide any "factual allegations" setting forth the basis for Plaintiffs' alleged entitlement to overtime, do not identify the purported workweeks for which Plaintiffs were allegedly underpaid, and fail to allege even an approximate number of overtime hours worked (Dkt. #16, p. 7).  Defendants also contend that Plaintiffs have not properly plead facts which allege that Defendants acted willfully or that Defendant Gilbert was an employer as defined by the FLSA (Dkt. #16, pp 10-11).

Plaintiffs' complaint sufficiently states a claim for relief because it states facts which indicate that there is a "plausible" claim for relief, as is required under Fed. R. Civ. P. 8(a) and *Twombly*.  The complaint contains facts respecting all the material elements to sustain recovery under the FLSA.  Plaintiffs alleged that Defendants are employers as defined by the FLSA, briefly described their and similarly situated individuals' job functions and alleged that they routinely worked in excess of forty hours per workweek during the statutory period without overtime compensation (Dkt. #1, ¶¶ 3, 4, 8 and 9).

Defendants argue that Plaintiffs did not properly plead facts that demonstrate Defendant Gilbert was an employer as defined by FLSA. Yet, Plaintiffs did allege that Defendant Gilbert was the Chairman of the Board of Quicken Loans, which controls Rock Financial (Dkt. #1, ¶ 3). *See*, 29 U.S.C. § 203(d) (broadly defining the term "employer" to mean "any person acting directly or indirectly in the interest of an employer in relation to an employee); *Dole v. Elliott Travel & Tours*, 942 F.2d 965, 965 (6th Cir. 1991) ("[t]he remedial purpose of the FLSA requires courts to define 'employer' more broadly than the term would be interpreted in

traditional common law applications."). Given the broad reading of "employer"in the FLSA context and Defendant Gilbert's position as Chairman of the Board of Quicken Loans, it cannot be said that he should be dismissed from this case.

Finally, Defendants argue that Plaintiffs have failed to sufficiently pled that they "willfully" violated the FLSA through their compensation practices (Dkt. #1, ¶ 12). Yet, Plaintiffs did pled that Defendants failed to accurately record the number of hours worked by Plaintiffs and similarly situated employees, and that this alleged violation of the FLSA is evidence of willful conduct (Dkt. #1, ¶ 11-12).[5] As Defendants rightly point out, the FLSA does not provide a private right of action for record keeping violations. "Under 29 U.S.C. § 216(b), an employee may bring a private action against an employer for unpaid overtime or minimum wages. This provision does not authorize employee suits for violations of the FLSA's record keeping requirements. Authority to enforce the Act's record keeping provisions is vested exclusively in the Secretary of Labor." *Elwell v. University Hospitals Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) (emphasis added) (internal citation omitted). Accordingly, Plaintiffs should not be allowed to proceed on a theory of recovery that is based solely on a record keeping violation.

Yet, the inquiry does not end there, as the Sixth Circuit went on to explain in *Elwell*, cited by Defendants, while a defendants' violation of record keeping practices alone cannot support a private claim, such violations can be used as evidence of wilfulness in a private action.

---

[5] In Plaintiffs' complaint, they allege that "Defendants failed to accurately record, report, and/or preserve a record of the number of hours worked by Plaintiff and the similarly situated employees, " a practice which, according to Plaintiffs, "violates the FLSA." (Dkt. #1, p. 4, ¶ 11).

Specifically, in *Elwell*, the Sixth Circuit found that:

> although the FLSA does not permit an employee to bring a private action for record-keeping violations, an employer's record-keeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime. *Elwell*, 276 F.3d at 844. *See, e.g.*, Majchrzak v. Chrysler Credit Corp., 537 F. Supp. (E.D. Mich.1981) (finding willful violation of overtime provisions where company policy of not recording "compensation time" earned for working in excess of forty hours per week was "susceptible to abuse and indeed was abused herein").

As such, Plaintiff has pled the element of willfulness sufficiently to satisfy Fed. R. Civ. P. 8(a) and *Twombly*.

Although Defendants may have preferred more detailed facts, such details are not necessary in the pleadings stage. *See*, *Twombly*, 127 S.Ct. at 1965. Plaintiffs' complaint sufficiently puts Defendants on notice of the nature of the suit and the facts supporting Plaintiffs' assertions. Based on Plaintiffs' pleadings there is a reasonably found hope that Plaintiffs will be able to make a case. Therefore, Defendants' motion to dismiss based on deficient pleadings should be denied.

### iii.    Consent Forms

Section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides that a civil action may be maintained "by any one or more employees similarly situated." 29 U.S.C. § 216(b). The statute further provides that "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Defendants argue that the consent forms that Plaintiffs completed are inadequate, do not demonstrate informed consent to join this lawsuit, and thus are grounds for a Fed. R. Civ. P. 12(b)(6) dismissal.

Plaintiffs counter that the consent forms used in this case effectively provide a

mechanism for pursuing overtime claims in this collective action by serving the dual purpose of notifying Defendants who is joining the suit and marking the commencement of the action for purposes of the statute of limitations. The FLSA, 29 U.S.C. § 256(b) provides:

> [I]n a collective or class action instituted under the Fair Labor Standards Act of 1938 . . . it shall be considered to be commenced in the case of any individual claimant (a) on the date of complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or his name did not so appear – on the subsequent date on which such written consent is filed in the Court in the action was commenced.

*See, e.g., Salazar v. Brown*, 1996 WL 302673, at *10 (W.D. Mich. Apr. 9, 1996) ("The statute makes clear that the filing of a consent may come after the filing of the complaint, but a collection action is not commenced for purposes of the statute of limitations until both the complaint and the claimant's individual written consent are filed."); *Harkins v. Riverboat Servs., Inc.*, 2002 WL 32406581, at *2 (N.D. Ill. May 17, 2002) ("Until the plaintiff has filed the statutorily-mandated written consent, the plaintiff has not joined the collective action, even if the plaintiff is named in the complaint."); *Songu Mbriwa v. Davis Memorial Goodwill Indus.*, 144 F.R.D. 1, 2 (D.D.C. 1992) ("Until a plaintiff, even a named plaintiff, has filed a written consent, she has not joined in the class action, at least for statute of limitations purposes."). Accordingly, Plaintiffs filed consent forms in connection with their complaint, thereby perfecting their claim.

Defendants argue that the consent forms filed by Plaintiffs are deficient because they do not contain sufficient information to demonstrate that these individuals gave their informed consent to join this action. Specifically, they argue that the consent forms do not identify the case by name, court or case number nor do they identify the capacity in which the individual worked for the Defendants. Defendants contend that because of these deficiencies Plaintiffs'

claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Yet, Defendants cite no authority for granting a motion to dismiss a FLSA collective action based on deficient consent forms, and the FLSA does not provide specific mandatory language for such forms.[6] Even if, *arguendo*, the consent forms are deficient, there is no precedent for dismissing Plaintiffs' action based on these deficiencies. In fact, there is ample precedent to the contrary. Many courts have ordered plaintiffs to fix the deficiencies in their consent forms rather than dismiss the action entirely. *See e.g.*, *Heitmann*, 2004 WL 1718420, at *3, *Henry*, No. 04-40346, Dkt. #315.[7]

Here, Plaintiffs have sufficiently complied with FLSA, 29 U.S.C. § 256(b) and granting Defendants' motion to dismiss would be inappropriate. Plaintiffs filed consent forms in connection with their complaint, which states they worked as "web loan consultants, web mortgage bankers, and/or loan consultants" in Defendants' Michigan branch offices during the applicable statutory period" (Dkt. #1, ¶ 4). Plaintiffs' counsel, cognizant of *Henry*, has drafted consent forms to include Defendant Gilbert's name, properly identifying the fact that he is being sued personally and individually, which Plaintiffs have signed.[8] *Id.* Plaintiffs have thus clearly

---

[6] Defendants cite *Heitmann v. City of Chicago*, 2004 WL 1718420, *2 (N.D. Ill. July 30, 2004), in support of their assertion that deficient consents are fatal to a FLSA collective action (Dkt. #16, p. 7). Yet, *Heitmann* dealt with a motion to strike plaintiff's notice and consent forms, it was not a motion to dismiss. The motion to strike was granted, but the case was not dismissed based on deficient consent forms.

[7] The present consent forms also mirror other consent forms approved by federal courts in FLSA collective actions (*See*, Dkt. #19, Ex. 5). It is important though to view such forms in context, as such forms have been attached to court-approved notices, which set out the case name, court, and other information. The present case is in its early months, however, and has to date not received court-approved notice.

[8] In *Henry*, Magistrate Judge Wallace ordered that corrective notices be sent that identified Daniel B. Gilbert as an individual defendant on the notice (*Henry*, No. 04-40346, Dkt.

made an informed decision to initiate their case on behalf of themselves and other similarly situated Quicken Loans' web mortgage bankers.  Accordingly, Defendants' motion to dismiss based on deficiencies in the present consent forms is without merit, and should be denied.

In the alternative, Defendants argue Plaintiffs should be directed to re-file corrected consents that address the deficiencies outlined in their motion and discussed above and use those corrected consents for going-forward in this action.  In addition, Defendants contend that Plaintiffs should be required to provide Defendants with unredacted copies of all consents filed throughout these proceedings, so that Defendants can verify the identities of the signatories against their employment records maintained at Quicken Loans Inc.

Defendants' counsel cites no legal authority to support their request.  It is well settled law that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to...put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)).

Moreover, Plaintiffs have not yet moved this Court for conditional class certification and court-facilitated notice.  If the Court conditionally certifies Plaintiffs' case and authorizes notice, Defendants' concerns about individuals "mistakenly" joining this case will be alleviated by the

---

#315, p. 2).  Plaintiffs' counsel has clearly indicated on the notices in the present case that Defendant Gilbert is being sued personally and individually.

It should also be noted that, in *Henry*, Judge Gadola denied defendants' request to appoint a Special Master to determine whether the consents that had been filed in that class-action suit were in fact authorized by the individuals who allegedly signed the consents (*Henry*, No. 04-40346, Dkt. #380).

fact that Defendants will be required to produce to Plaintiffs a list of all individuals who worked for Quicken Loans as mortgage bankers and/or loan consultants within the past three years. With this list, both parties will know exactly who should and should not be included in this case against Quicken Loans and Gilbert.  Accordingly, the Court will not grant Defendants' request at this time.  This ruling does not preclude Defendants from filing a sufficiently supported motion at a later date.

2.    *Motion for More Definite Statement*

Defendants argue in the alternative, that Plaintiffs should be required to file an amended complaint providing a more definite statement addressing the alleged deficiencies discussed above.  A motion for more definite statement should only be granted when a pleading, "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

Here, Plaintiffs' complaint does not reach the level of vagueness/ambiguousness to warrant an order for a more definite statement.  The complaint puts Defendants on notice of the nature of the complaint and the factual assertions underlying Plaintiffs' legal theories. Defendants' assertions of deficiency all relate to matters that are most appropriately dealt with during discovery rather than at the pleadings stage.  Defendants seek specific detailed facts regarding Plaintiffs' complaint, yet detailed factual allegations are not necessary under Fed. R. Civ. P. 8(a).  *See*, *Twombly*, 127 S.Ct. at 1964.  Thus, Defendants' argument for a more definite statement is without merit, and should be denied.

3.    *Motion for Stay*

In the alternative, Defendants argue that Plaintiffs' claims should be stayed pending a

decision in the *Henry* case (Dkt. #16, p. 13).  They contend that essential issues raised in Plaintiffs' claim will likely be decided in *Henry,* and a stay should be granted to allow for the potential application of collateral estoppel and to promote judicial economy.  *See, e.g.*, 18 Charles Alan Wright, et al., *Federal Practice & Procedure* § 4402 ("In order to effectuate the public policy in favor of minimizing redundant litigation, issue preclusion bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties.").[9]  Plaintiffs agree that discovery into the merits of this claim should be stayed pending a decision in *Henry*, but contend that this action should not be stayed for purposes of notice of this collective action (Dkt. #19, p. 12).  Plaintiffs argue that Defendants have continued to use the same compensation practices, and many individuals currently working for Defendants are entitled to learn of this lawsuit.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)); *accord*, *Deluca v. Blue Cross Blue Shield of Michigan*, 2007 WL 715304, at *1 (E.D. Mich. 2007) (this "broad discretion and inherent power" includes "the power to stay a matter pending resolution of

---

[9] *Accord, Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) ("We have stressed that [the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts ….") (internal quotations and citations omitted); *Reed v. Allen*, 286 U.S. 191, 198-99 (U.S. 1932) ("the general and well-established doctrine of *res judicata* [is] conceived in the light of the maxim that … there be an end to litigation—a maxim which comports with common sense as well as public policy") (emphasis added); *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) (upholding a district court injunction against a subsequently filed federal action because "considerations of judicial economy weigh heavily in the calculus" and given the "considerable expenditure of time and effort on this case" there was no sound reason to duplicate efforts.).

independent proceedings which bear upon the case at hand") (internal quotations and citations omitted).  Further, limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have been altered by any further discovery." *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995).

As explained above, this case is largely a duplicate of *Henry*—both cases were brought by the same Plaintiffs' firm against the same Defendants and both appear to involve the same allegations.  In point of fact, this Court recognized these strong parallels when it *sua sponte* reassigned this case from Judge Cleland to Judge Gadola, who has presided over the *Henry* action for over two years (Dkt. #10).  In addition, *Henry* is further advanced in discovery and motion practice.  The resolution of *Henry* will directly "bear upon the case at hand," *Deluca*, 2007 WL 715304, at *1, and the claims in the present matter may be adjudicated "based on legal determinations [in *Henry*] that could not have been altered by any further discovery.'" *Muzquiz*, 70 F.3d at 430.

Accordingly, a stay in the present case is appropriate for discovery into the merits of the case to promote judicial economy, save party resources and to allow for the potential application of collateral estoppel.  *See, e.g.*, 18 Charles Alan Wright, et al., *Federal Practice & Procedure* § 4404 ("if courts become more receptive to efforts to reduce simultaneous litigation—as may be hoped and expected—the first judgment should remain controlling.  This result [will be] particularly clear if one or more actions have been stayed in deference to a single action in which judgment is rendered.").  Yet, a stay should not be granted on the issue of  providing notice to potential plaintiffs.  While essential issues regarding the merits of this claim will likely be decided in *Henry*, the future decision in *Henry* will not have a current bearing on new Plaintiffs

being given notice and joining this case.

## III.    RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Defendants' motion be **GRANTED IN PART** and **DENIED IN PART,** and discovery into the merits of the case be **STAYED** pending a decision in *Henry v. Quicken Loans*.  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Date: September 7, 2007                            s/Steven D. Pepe_____
Ann Arbor, Michigan                                United States Magistrate Judge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>September 7, 2007</u>, I electronically filed the foregoing paper with the Clerk  Court using the ECF system which will send electronic notification to the following: <u>Robert P. Davis, Paul J. Lukas, Jeffrey B. Morganroth, Mayer Morganroth, Donald H. Nichols, Michael L. Pitt, Beth M. Rivers, Rachhana T. Srey, Robert C. Varnell</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>not applicable.</u>

<u>s/ James P. Peltier</u>
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peltier@mied.uscourts.gov